# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

MARTA BARTLETT BREWER,

    Plaintiff,

vs.

STATE OF IOWA, STATE OF WISCONSIN, CITY OF CEDAR RAPIDS, ST. LUKE'S HOSPITAL

    Defendants.

No. C11-0024-LRR

ORDER

---

The matters before the court are the motion to have Judge Scoles recuse (docket no. 12), filed by the plaintiff on March 24, 2011, the motion to schedule a conference between the parties (docket no. 13), filed by the plaintiff on March 28, 2011, the motion for a more definite statement (docket no. 14), filed by St. Luke's Hospital on March 30, 2011, the motion to dismiss (docket no. 15), filed by the State of Iowa on April 5, 2011, the motion to dismiss (docket no. 18), filed by the City of Cedar Rapids on April 8, 2011, the motion to dismiss (docket no. 19), filed by St. Luke's Hospital on April 11, 2011, and the motion for default judgment (docket no. 25), filed by the plaintiff on May 19, 2011. None of the motions have been resisted, but the time for resisting the plaintiff's motion for default judgment has not passed.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[1] When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true

---

[1] The court notes that "[a] motion to dismiss for lack of jurisdiction under [Federal Rule of Civil Procedure 12(b)(1)] which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under [Federal Rule of Civil Procedure

(continued…)

all of the factual allegations in the complaint, "no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1959 (2009). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B&B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). Stated differently, "a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555); *see also Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 555); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) of the Federal Rules of Civil Procedure]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atl.*, 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Title 42 U.S.C. § 1983 provides, in relevant part:

---

[1](…continued)
12(b)(6)]." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (citing *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)); *see also Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 520-21 (8th Cir. 2007) (discussing standard of review).

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617, 99 S. Ct. 1905, 60 L. Ed. 2d 508 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

Because the pending motions to dismiss are unresisted, it is appropriate to dismiss the plaintiff's action against the State of Iowa, the City of Cedar Rapids and St. Luke's

Hospital. *See* LR 7(f). Alternatively, having reviewed the record, which includes, but is not limited to, the plaintiff's complaint (docket no. 3) and supplement (docket no. 20), the court deems it appropriate to dismiss the claims against the State of Iowa, the City of Cedar Rapids and St. Luke's Hospital for the reasons stated in their motions to dismiss. The defendants adequately set forth the law in the Eighth Circuit as applied to the assertions and facts that are set forth in the record, which includes the plaintiff's pleadings.

With respect to the State of Iowa, the court concludes that dismissal is appropriate because the plaintiff failed to state a claim upon which relief can be granted, the requirements of an action under 42 U.S.C. § 1983 are not met and the Eleventh Amendment bars the plaintiff's claims. Concerning the City of Cedar Rapids, the court finds that the plaintiff did not comply with Federal Rule of Civil Procedure 4 and her claims do not raise a right to relief above the speculative level.

Lastly, with regard to St. Luke's Hospital, the court concludes that the plaintiff failed to state a claim upon which relief can be granted. The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kramer*, 334 U.S. 1, 13, 68 S. Ct. 836, 92 L. Ed. 1161 (1948); *see also Georgia v. McCollum*, 505 U.S. 42, 50, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992) ("[A]lthough repugnant in all contexts, [racial discrimination] violates the Constitution only when it is attributable to state action."). Stated differently, it is well established that private action is immune from the restrictions of the Fourteenth Amendment. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). Relatedly, "[42 U.S.C. §] 1983 secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Jackson*, 419 U.S. at 349). "If the action of [a defendant] was purely private action, then [42 U.S.C. §] 1983 affords no basis for federal jurisdiction and [the claim must be] dismissed for lack of subject matter jurisdiction." *Lubin v. Crittenden Hosp. Ass'n.*, 713 F.2d 414, 415 (8th Cir. 1983). A private party,

4

however, can be held liable under 42 U.S.C. § 1983 if it acts under color of state law. *Crumpley-Patterson*, 388 F.3d at 590.[2] Acts of a private party are "fairly attributable to the State" so as to be deemed under "color of state law" for 42 U.S.C. § 1983 purposes "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Ass'n*, 531 U.S. 288, 295, 121 S. Ct. 924, 148 L. Ed. 2d 807 (2001) (quoting *Jackson*, 419 U.S. at 351). "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State . . . [even though] the regulation is extensive and detailed." *Jackson*, 419 U.S. at 350.

Here, the plaintiff fails to aver that St. Luke's Hospital was a state actor or acting under color of state law when the plaintiff's rights were allegedly violated; the plaintiff's allegations do not establish state action. St. Luke's Hospital is clearly subject to regulation, but it is a private corporation.[3] The alleged conduct of employees of St. Luke's Hospital may not be fairly attributed to the State. *See Hoyt v. St. Mary's Rehab. Ctr.*, 711 F.2d 864, 866-67 (8th Cir. 1983) (stating that "[m]any decisions in our society, right or wrong, simply must be left to the good judgment and discretion of private individuals, including physicians and other professionals, subject to whatever statutes or regulations may validly be issued by one or another level of government" and concluding that no state action existed); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) (concluding that

---

[2] The court notes that the "under color of state law" element of 42 U.S.C. § 1983 "has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 ((1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)).

[3] The Secretary of State for the State of Iowa maintains an online database of Iowa corporations. It may be accessed at the following address: www.sos.state.ia.us/search/index.html.

the plaintiff failed to state a legally cognizable claim under 42 U.S.C. § 1983 because allegations pertaining to private individual did not show that state action was involved). Because St. Luke's Hospital cannot be considered a state actor so as to invoke federal jurisdiction under 42 U.S.C. § 1983, the plaintiff fails to state a claim upon which relief can be granted.

Based on the foregoing, the motions to dismiss (docket nos. 15, 18 & 19) shall be granted. The motion to have Judge Scoles recuse (docket no. 12), the motion to schedule a conference between the parties (docket no. 13), the motion for a more definite statement (docket no. 14) and the motion for default judgment (docket no. 25) shall be denied as moot.

The plaintiff previously dismissed the United States from her action, and the only remaining party is the State of Wisconsin. Although courts construe pro se pleadings liberally, pro se litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See, e.g., Williams v. Harmon*, 294 F. App'x 243, 245 (8th Cir. 2008) (affirming dismissal where pro se litigant failed to comply with the Federal Rules of Civil Procedure). The Federal Rules of Civil Procedure require parties to formulate their pleadings in an organized and comprehensible manner. Specifically, Federal Rule of Civil Procedure 8(a)(1)-(3) requires that a complaint contain a "short and plain statement of the grounds for the court's jurisdiction" a "short and plain statement" of the plaintiff's claims and a "demand for the relief sought." Federal Rule of Civil Procedure 8(d)(1) provides that, although no technical form of pleading is required, each claim must be simple, concise and direct. Federal Rule of Civil Procedure 10(b) directs parties to separate their claims within their pleadings and provides that each claim should be limited as far as practicable to a single set of circumstances. In addition, Federal Rule of Civil Procedure 10(b) makes clear that each claim that is founded on a separate transaction or occurrence must be stated in a separate count where doing so would promote clarity. The Federal Rules of Civil Procedure also address the joinder of claims and parties. Specifically,

Federal Rule of Civil Procedure 18(a) permits a party to assert multiple claims against a single party, and Federal Rule of Civil Procedure 20(a)(2) permits a party to join several persons as defendants in a single complaint if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

With respect to the plaintiff's allegations against the State of Wisconsin, the complaint fails to meet the requirements of Federal Rules of Civil Procedure 8, 10, 18 and 20. The plaintiff's claims against the State of Wisconsin are not simple, concise and direct. The plaintiff did not include in her complaint a demand for the relief that she seeks from the State of Wisconsin. The claims that are founded on separate transactions or occurrences are not stated in separate counts. And, the plaintiff impermissibly joined the State of Wisconsin as a defendant in this action because any right to relief against the defendants is not asserted against them jointly, severally or with respect to or arising out of the same event and because the other defendants are unconnected to any question of law or fact that is common to the State of Wisconsin.[4]

Given the record, the court is of the opinion that the matter is best addressed by requiring the plaintiff to file an amended and substituted complaint. The plaintiff shall file by no later than June 20, 2011 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation, and naming those specific persons who, acting under color of law, allegedly violated her rights. The plaintiff shall only state what each defendant personally did, or failed to do, which resulted in harm to her. And, the plaintiff shall state the date and place of all events that provide the basis

---

[4] The court notes that the plaintiff's claims appear to be wholly unrelated to each of the named defendants. Consequently, the plaintiff probably should have filed four or five separate actions.

for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended and substituted complaint by June 20, 2011, the clerk of court shall dismiss without prejudice the action against the State of Wisconsin.

In the event that the plaintiff elects to file an amended and substituted complaint against the State of Wisconsin or other defendants, the court will direct the clerk of court to open a new action, and it will order the plaintiff to pay the required $350.00 filing fee. *Cf. George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2005) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [multi-claim and multi-defendant suits produce] but also to ensure that prisoners pay the required filing fees—for the Prisoner Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). The plaintiff should file separate amended and substituted complaints if she decides to assert unrelated claims against different defendants. *Id*. Finally, the plaintiff should be aware that any claims that are not realleged in an amended complaint are deemed abandoned. *See In re Wireless Tel. Fed. Cost Recover Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).[5]

**IT IS THEREFORE ORDERED**:

(1) The motions to dismiss (docket nos. 15, 18 & 19) are granted.

(2) The plaintiff's 42 U.S.C. § 1983 action against the State of Iowa, the City of Cedar Rapids and St. Luke's Hospital is dismissed pursuant to Federal Rule of Civil Procedure 12.

---

[5] The court reminds the plaintiff that it is inappropriate to communicate with the undersigned in an ex parte manner. The plaintiff is directed to refrain from emailing the undersigned regarding the instant action. All written requests should be submitted to the clerk's office.

(3) The motion to have Judge Scoles recuse (docket no. 12), the motion to schedule a conference between the parties (docket no. 13), the motion for a more definite statement (docket no. 14) and the motion for default judgment (docket no. 25) are denied as moot.

(4) The plaintiff is directed to file by no later than June 20, 2011 an amended and substituted complaint specifically setting forth pertinent facts, if they exist, which state a constitutional violation, and naming those specific persons who, acting under color of law, allegedly violated her rights. The plaintiff is directed to only state what each defendant personally did, or failed to do, which resulted in harm to her. And, the plaintiff is directed to state the date and place of all events that provide the basis for any claim that arises under 42 U.S.C. § 1983. If the plaintiff fails to file an amended complaint by June 20, 2011, the clerk of court is directed to dismiss without prejudice the action against the State of Wisconsin.

**DATED** this 20th day of May, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA